IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-0408-CV-W-DW-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Michael McDaniel seeks judicial review of the denial of his request for disability insurance benefits and supplemental security income benefits based on disability. See 42 U.S.C. §§ 401 *et seq.* and § 1381 *et seq.* Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. § 405(g). Plaintiff filed his social security brief on October 6, 2005 (Doc. 11). Defendant filed her brief in response on November 15, 2005 (Doc. 12). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.   STANDARD OF REVIEW

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Osborne v. Barnhart, 316 F.3d 809, 811 (8th Cir. 2003). The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). The Court considers both evidence that detracts from and evidence that supports the Commissioner's decision. Stormo, 377

F.3d at 805 (citations omitted). Thus, if substantial evidence supports the outcome, the Court will not reverse the decision even if substantial evidence also supports a different outcome. Id.

II. DISCUSSION

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Plaintiff asserts that the Administrative Law Judge ("ALJ")[1] committed two errors in his determination, specifically that the ALJ: (1) did not properly assess Plaintiff's credibility, and (2) erred in his determination of Plaintiff's RFC and capacity to perform some other type of substantial gainful employment. Plaintiff's allegations of error are addressed in turn.

A. Credibility Assessment

In his decision, the ALJ found that the objective evidence did not support a finding of disability to the degree alleged by Mr. McDaniel. (R. 19.) The credibility of subjective testimony is primarily for the Commissioner to decide. See Masterson v. Barnhart, 363 F.3d 731, 736 (8th Cir. 2004). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004) (citations omitted). Where the record discloses inconsistencies between the subjective complaints and the objective evidence, an ALJ may discount the weight afforded to the claimant's subjective complaints. Polaski, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a

---

[1] The Honorable William G. Horne.

2

claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001).

Although the ALJ found Plaintiff experiences coronary artery disease he concluded that Plaintiff's statements regarding his impairments and their impact on his ability to work were not credible. (R. 21.) Acknowledging the Polaski factors, the ALJ evaluated Plaintiff's daily activities, interactions with physicians and therapists, medical records, medications programs and work record. In doing so, the ALJ articulated the specific inconsistencies on which he based his credibility finding. The Court will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony regarding daily functional limitations. Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) (citations omitted). For these reasons, the ALJ's credibility finding is supported by substantial evidence on the record as a whole and the Court finds no error.

### B. Residual Functional Capacity and the Vocational Expert

The ALJ must consider all the relevant record evidence in making his determination of the claimants residual functional capacity ("RFC"). See McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003) (relevant evidence includes the medical records, observations of treating physicians and others, and an individual's own description of his limitations). After consideration of the medical evidence and other credible evidence in the record, the ALJ determined that Plaintiff could perform "simple, routine sedentary work." The ALJ further limited such work by prohibiting exposure to "high concentrations of dust, fumes or gases; heights; moving machinery, hazards or driving automotive equipment; temperature extremes or high humidity; and advised that the work should be of a slow pace." (R. 20.) After the vocational expert characterized Plaintiff's past work, the ALJ

determined that Plaintiff's RFC precludes him from performing his past relevant work. (R. 20.) The ALJ's RFC determination is consistent with the objective medical evidence and is supported by substantial evidence on the record as a whole.

Where, as here, the ALJ has determined that claimant's RFC prevents him from performing his past relevant work, a showing must be made that he can perform some other type of substantial gainful employment. Young v. Apfel, 221 F.3d at 1069 n.5 (the Commissioner has the burden of production on this issue; the ultimate burden of persuasion to prove disability remains with the claimant). This showing is made by relying on a vocational expert to determine whether jobs existing in the national economy could be performed by an individual of the Plaintiff's age, education, past relevant work experience, and residual functional capacity. Grissom v. Barnhart, 416 F.3d 834, 837 (8th Cir. 2005). Generally, the hypothetical question posed to the vocational expert must set forth the claimant's impairments with reasonable precision. Id. However, the question need not include any impairments and limitations that the ALJ finds are not credible based on the whole record. Id. Specifically, any discredited complaints of pain are properly excluded from the hypothetical questions so long as the ALJ has reason to discredit them. Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (citations omitted).

The ALJ's question to Ms. Waddell, the vocational expert, included the Plaintiff's age, educational background, employment history, and the RFC found by the ALJ. (R. 20.) Ms. Waddell testified that such an individual could perform specific sedentary jobs available in Missouri and the national economy. As the hypothetical question to Ms. Waddell included all the record evidence that the ALJ found credible, the final determination is supported by substantial evidence on the record as a whole.

III.     CONCLUSION

Accordingly, after careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—the Court concludes that the ALJ's disability determination is supported by substantial evidence on the record as a whole. Therefore, the Court AFFIRMS the Commissioner's decision denying Plaintiff's application for benefits.

IT IS SO ORDERED.


Date    2/28/06                                      /s/ Dean Whipple
                                                                 Dean Whipple
                                                       United States District Court